# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIE MCCASKILL,**

    **Plaintiff,**

v.                                     Case No. 8:15-cv-1559-T-33TBM

**NAVIENT SOLUTIONS, INC, et al.,**

    **Defendants.**

                              /

**O R D E R**

THIS MATTER is before the Court on **Plaintiff's Motion to Compel Defendant's Discovery Responses** (Doc. 46) and Defendants' response (Doc. 50), and **Plaintiff's Motion to Compel Defendant's Discovery Responses** (Doc. 54) and Defendants' response (Doc. 60). A hearing on these Motions was conducted December 30, 2015. As explained below, the Motions are granted in part and denied in part.

Plaintiff initiated this action against Navient Solutions, Inc. ("NSI") on July 2, 2015, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). (Doc. 1). By those allegations, NSI made approximately 1500 calls to her cell phone using an automatic telephone dialing system ("ATDS") in an attempt to collect a debt of another and without her express prior consent. Shortly thereafter, the Court entered an expedited Scheduling Order directing Defendant NSI and Plaintiff to exchange copies of certain documents no later than September 18, 2015. (Doc. 7). Pertinent to this dispute, the Court ordered Defendant NSI

to produce all documents in its possession, custody, or control that relate to the telephone calls in question, including, but not limited to:

>    A. Telephone records, call logs, and voice recordings pertaining to the telephone calls Plaintiff contends were made by Defendant, which includes any and all notations made by Defendant's representative or employee during the telephone call;
>
>    B. Documentation that Plaintiff consented to Defendant making the telephone calls in question; and
>
>    C. Any and all documents and/or other relevant evidence pertaining to Plaintiff's prior complaints to Defendant regarding Defendant making the unwanted telephone calls in question.

(Doc. 7 at 2-3). On October 8, 2016, the Court held a case management hearing (Doc. 36) and entered a Case Management and Scheduling Order establishing a discovery deadline of January 5, 2016; a dispositive motion deadline of January 11, 2016; and a trial term commencing March 7, 2016. (Doc. 30).

Shortly thereafter, Plaintiff served NSI with Interrogatories and Requests for Production. Pertinent to the instant dispute are the following:

>    **Request No. 9**: Documents evidencing any notes taken, or entered into a computer, contemporaneously with all telephone calls made and/or conversations and/or messages concerning the "Account" at issue in this case, this includes calls by the Defendant to the "Plaintiff's cellular telephone number," or from the Plaintiff to the Defendant, in addition to any third party contact during the "relevant time period." [Commonly referred to as call logs, auto-dialer reporter and/or account notes.]
>
>    **Request No. 12**: Internal memoranda, bulletins, committee or team reports, emails, meeting minutes, or other documents created or modified within the "relevant time period" concerning or relating to preventing violations of the TCPA of the type alleged in this lawsuit.
>
>    **Request No. 13**: Documents, in effect during the "relevant period", describing your tape recording procedures for incoming calls.

**Request No. 14**: Documents, in effect during the "relevant period", describing your tape recording procedures for outgoing calls.

**Request No. 18**: Documents, in effect during the "relevant time period", describing your retention policy concerning saving tape recordings that are the subject of legal complaints filed against you.

**Request No. 27**: Defendant's policies and procedures in effect during the "relevant time period" related to "telephone alerts" made by you in calling, communicating with or attempting to communicate with the "Account" holder and involving the use of "telephone calls", an "automatic telephone dialing system," "artificial voice" and/or "prerecorded voice."

**Request No. 32**: Documents which identify the name of each and every employee of Defendant who made any call to "Plaintiff's cellular telephone number" during the "relevant time period."

**Request No. 38**: A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**Request No. 39**: A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's determination of whether Plaintiff consented to calls placed to "Plaintiff's cellular telephone number" using an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**Request No. 40**: A copy of all policies and procedure which concern or related to practices to be followed by Defendant in communicating with or attempting to collect a debt from the Plaintiffs and specifically related to compliance with F.S. §§ 559.72(7) and 559.72(9).

**Request No. 48**: Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts.

**Request No. 49**: Prior complaints, formal or informal, whether in writing or not, received from government entities concerning violations of state and federal law relating to the collection of consumer debts.

**Interrogatory No. 3**: Describe and identify the system used by Defendant to make telephone calls to Plaintiff. This should include the manufacturer's name, make, model, software name, and software version, (also sometimes commonly referred to as an "autodialer," "robo-dialer," "predictive dialer,"

3

"power dialer") that was used by Defendant to place telephone calls to Plaintiff's cellular telephone number (727) 581-6140 during the time period beginning January 1, 2014 to the present date.

**Interrogatory No. 5**: List the exact conversations during the relevant period the Defendant had with the Plaintiff, the identity (by name, position and title) of the individual who spoke with the Plaintiff, and the date and time of each conversation.

**Interrogatory No. 6**: Please identify the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorney to have any knowledge of the incidents described in the Complaint, including any agents who are heard on recordings previously provided by the Defendant, and specify the subject matter of the witness' knowledge.

**Interrogatory No. 10**: Identify the total number of calls made to the Plaintiff's cellular telephone by Student Assistance Corporation using an ATDS.

**Interrogatory No. 12**: Identify the total number of calls made to the Plaintiff's cellular telephone by Student Assistance Corporation using manual dialing and/or human intervention and the name, model and software version of the system used to make those calls.

Plaintiff filed her Amended Complaint on November 2, 2015, adding as defendants Student Assistance Corporation ("SAC") and Navient Corporation, and alleging claims under the TCPA, FCCPA, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). (Doc. 33). Her instant Motions followed.

By her first Motion (Doc. 46), Plaintiff seeks an Order compelling Defendant NSI to disclose "[t]elephone records, call logs, and voice recordings pertaining to the telephone calls Plaintiff contends were made by NSI, which includes any and all notations made by NSI's representative or employee during the telephone call." She also seeks adequate and complete responses to Request No. 9 and Interrogatory Nos. 3, 5, 6, 10, and 12. Plaintiff faults NSI for not

4

providing "actual call logs," and/or call logs which contain the inbound call numbers and the names of the representatives making the calls. Plaintiff also seeks to recoup the fees and costs incurred in filing her Motion. (Doc. 50).

NSI maintains that its production and responses are complete. It asserts that it does not have call logs that contain the information Plaintiff seeks and it would have to prepare one from raw data in order to produce such a log. Additionally, it notes that it has provided a list of all outbound numbers used to call Plaintiff and the identify of employees is not relevant because it has produced the call recordings and corresponding history. As for information regarding SAC, it contends the Court already determined at the case management hearing that it need not respond to discovery related to SAC. (Doc. 50).

By her second Motion (Doc. 54), Plaintiff asserts that, to date, NSI has failed to provide any documents responsive to Request Nos. 12, 13, 14, 18, 27, 48, and 49, and while it agreed to produce documents responsive to Request Nos. 32, 38, 39, and 40, it has yet to do so.

In response, NSI advises that it executed a stipulation on December 16, 2015, in an attempt to narrow discovery. Therein, NSI agreed not to contest whether it used an ATDS in making calls to the number at issue and that it made a total of 249 calls to the number at issue. As such, it urges that the only issues remaining to be litigated under the TCPA are whether prior express consent was given for NSI to call the number; if consent was given, whether Plaintiff revoked that consent; and whether calls made after any revocation were "willful." For purposes of the FCCPA and FDCPA claims, it asserts that an issue also exists as to whether the calls were

5

harassing based on the total number of calls, the frequency of the calls or otherwise. Against that backdrop, NSI maintains that its responses and production are complete.[1] (Doc. 60).

Upon consideration, **Plaintiff's Motion to Compel Defendant's Discovery Responses** (Doc. 46) is **GRANTED in part**.[2] Initially, I note that all parties remain under a continuing duty to comply with the Court's Order of July 21, 2015 (Doc. 7). To the extent that matters directed to be produced under that order have not been produced, such are long overdue and should be provided immediately. As for interrogatory no. 5, defense counsel advises that there are no such conversations and that the recordings of all calls have been otherwise provided. Plaintiff is entitled to a response to this interrogatory and accordingly, Defendant(s)[3] shall provide a sworn response.[4] As for interrogatory no. 6, Defendants shall identify by full name and, if no longer in Defendant(s) employ, by the last known address, each employee identified by code on the call logs as having called the subject phone number. As for request to produce no. 9, Plaintiff's counsel urges that account notes should be produced. Defense counsel represents that what

---

[1] NSI states it has produced full, unredacted call logs; all call recordings for Newsome's loans; full, unredacted account notes for Newsome's loans; a full, unredacted account correspondence history for Newsome's loans; policy documents, procedural documents and personnel training materials; and numerous court complaints.

[2] At the hearing, Plaintiff's counsel conceded that the dispute over interrogatories 3, 10, and 12 had been resolved.

[3] As the court understands Defendants' business both NSI and SAC engage in collection efforts and made calls to Plaintiff's phone number. SAC was added as a party and separate discovery has been propounded to it. Because of impending deadlines, this Order is intended to apply to both entities.

[4] To the extent that Defendants have knowledge or documentation of any phone conversations between their agents and Plaintiff that was not recorded or was deleted, such shall be disclosed as well. If there are no such matters, such shall be stated in the response.

6

Defendants have has been produced. This matter has already been addressed by the Court's order (Doc. 7), and as noted, Defendants remain under a continuing duty to comply. To the extent account notes have been withheld, such shall be produced.

To the extent not granted hereby, the motion (Doc. 46) is denied.

Likewise, **Plaintiff's Motion to Compel Defendant's Discovery Responses** (Doc. 54) is **GRANTED in part**. I again note that to the extent that the requests here in dispute seek matters governed by the Court's Order of July 21, 2015 (Doc. 7), such matters should now have been produced. In any event, all parties remain under a continuing duty to comply with that Order. The court finds that the requests nos. 12, 32, 48-49 are overbroad and disproportional to the needs of the cases especially coming so late in the discovery period. That said, to the extent that such has not been produced, any non-privileged internal notes, correspondence or memorandums, including emails, concerning the calls which are the subject of this suit should be produced, as should any documents reflecting other relevant communications to and from Plaintiff and/or Ms. Newsome. Moreover, to the extent that Defendant(s) have been subject to formal written complaints or inquiries by a State of Florida or federal agency or entity during the relevant period of this suit because of their alleged violation of the TCPA, the FCCPA, or the FDCPA for collection activities of the kind at issue in this case, a copy of such complaint or inquiry shall be provided. Regarding request nos. 13, 14, and 18, given the Defendants' response that there are no "tape recording procedures" nor "tape recording retention procedures," (Doc. 60 at 10), the motion is denied. As for request no. 27, at the hearing, Plaintiff's counsel suggested the request seeks evidence of text messaging to or from Plaintiff. The court understands defense counsels' response at the hearing to be that there are no text messages. The

7

court accepts this representation by defense counsel, but to the extent text communications by and between the parties and/or Ms. Newsome exist and are related to the subject of this suit, they should be produced immediately. Regarding request nos. 38, 39, and 40, the court understands from the response that pertinent policies as identified therein (Doc. 60 at 10), have already been provided. To the extent that such production provides all relevant policies related to compliance with the TCPA, the FCCPA, or the FDCPA during the pertinent period, no further production need be made. To the extent that there exist other policies related to compliance with the TCPA, the FCCPA, or the FDCPA which are relevant to the issues in this suit and which have not been produced, such shall be produced.

      To the extent not granted hereby, the motion (Doc. 54) is denied.

      <u>Additional production required under this Order shall be made by January 7, 2016 or as otherwise agreed by counsel.</u>

      **Done and Ordered** at Tampa, Florida, this 31st day of December 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of record